UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. ____________________

NANCY LAFLEUR,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
d/b/a ROYAL CARIBBEAN GROUP,

Defendant.
________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NANCY LAFLEUR, sues Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP, and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, NANCY LAFLEUR, is a resident and citizen of Florida, and is otherwise *sui juris*.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP (hereinafter "RCCL" or "Defendant"), is a foreign entity foreign entity incorporated under the laws of Liberia with its principal place of business in Florida.

3. This Court has subject matter jurisdiction over this case pursuant 28 U.S.C. § 1333(1) because the incident occurred on navigable waters and has a substantial connection to a traditional maritime activity.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this State and/or county;

b. Was engaged in substantial activity within this State;

c. Operated vessels in the waters of this State;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises onboard its cruise ships.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. Venue is proper in this district pursuant to the forum-selection clause in the passenger ticket contract issued by RCCL.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTS COMMON TO ALL COUNTS

9. At all times material hereto, RCCL owned, operated, managed, maintained, controlled and/or had exclusive custody of the Vessel, the *Grandeur of the Seas* (“the Vessel”).

10. At all times material hereto, RCCL operated the Vessel on navigable waters.

11. At all times material hereto, Plaintiff was a paying passenger lawfully aboard the Vessel.

12. On the evening of November 5, 2025, Plaintiff was walking from her seat towards the exit of the Palladium Theatre (the "Theater") onboard the Vessel while attending a show. The Palladium Theatre is located in the interior area of Decks 5 and 6 of the Vessel.

13. As Plaintiff attempted to navigate from her seat towards the exit in the dimly lit Theater, Plaintiff sustained severe bodily injuries after she missed a concealed and/or camouflaged step (the "Subject Step"), and fell, due to the rocking of the ship in rough weather and sea conditions; patterned carpeting and inadequate lighting which made it difficult to distinguish the change in elevation; and the inability to grasp onto a handrail or a proper means of support to safely descend the Subject Step. As a result of the fall, Plaintiff was thrown face-forward down onto a chair armrest and the floor, thereby sustaining injuries including, but not limited to, a head injury.

14. The dangerous and defective conditions which caused Plaintiff's incident include, but are not limited to:

a. A step featuring a hidden and/or camouflaged edge which blends into the surrounding patterned carpeting, making it difficult to distinguish the change in elevation;

b. inadequate lighting conditions which worsen the ability to visually distinguish the step from the surrounding floor surface;

c. rough weather and choppy sea conditions which caused the ship to rock and/or lurch during the show; and/or

d. the absence of handrails at the Subject Step.

15. The dangerous conditions were not open and obvious to passengers, including Plaintiff, who could not reasonably anticipate the ship would lurch/rock as she attempted to descend the

Subject Step, and who was unable to safely ascertain where to step due to the patterned carpeting and dim lighting conditions.

**DEFENDANT'S NOTICE**

16. At all times material, RCCL knew or should have known that it was reasonably foreseeable for passengers such as Plaintiff to be injured due to ship rocking, and concealed steps and/or changes in elevation, considering prior incidents occurring on RCCL's vessels under similar circumstances. These prior incidents are substantially similar because they involved passengers who fell due to ship rocking or insufficiently marked steps/changes in elevation that, upon information and belief, have a substantially similar condition as the Subject Step. For instance:

a. On February 4, 2025, cruise passenger D.C. sustained injuries when she fell due to a hidden step in a public walkway onboard the *Enchantment of the Seas*, which occurred, in part, due to the absence of handrails and a surrounding floor pattern which made it difficult to visually distinguish the change in level of the step. *See Cucuzzo v. Royal Caribbean Cruises, Ltd*., Case No. 1:26-cv-20180. The *Enchantment of the Seas* is a sister ship of the *Grandeur of the Seas* in RCCL's *Vision*-class line of cruise ships, which is also owned and operated by RCCL, and shares an identical or a substantially similar configuration. This incident is substantially similar to Plaintiff's incident because both incidents involve falls due to steps/changes in elevation, caused in whole or part by missing handrails and flooring patterns which inadequately marked the change in level.

b. On November 7, 2024, cruise passenger M.U. sustained injuries onboard the *Explorer of the Seas* when suddenly the vessel rocked, lurched and/or listed, which caused her to fall down the stairs in the ship's interior theater area. *See Ullery v.*

*Royal Caribbean Cruises, Ltd*., Case No. 1:25-cv-24999. The *Explorer of the Seas* is also owned and operated by RCCL as part of its fleet of cruise ships. This incident is substantially similar to Plaintiff's incident because both incidents involve falls down steps in the interior theater areas of RCCL ships, and were caused in whole, or part, due to the ship rocking, listing and/or lurching in rough seas and heavy wind conditions.

c. On May 15, 2022, cruise passenger C.M. sustained injuries when she fell down an unmarked and/or hidden steps in the Royal Theater onboard the *Freedom of the Seas*. *See Medina v. Royal Caribbean Cruises, Ltd*., Case No. 1:23-cv-20977. The *Freedom of the Seas* is also owned and operated by RCCL as part of its fleet of cruise ships. This incident is substantially similar to Plaintiff's incident because both incidents involve falls down steps in the theater area of RCCL ships, and were caused in whole, or part, due to an insufficiently marked change in elevation, which (1) lacked adequate handrails; (2) featured a change in level that was hidden and/or camouflaged by the surrounding floor surface; and (3) lacked sufficient lighting.

d. On July 27, 2019, cruise passenger J.K. sustained injuries when she fell over an insufficiently marked step on Deck 5 of the *Enchantment of the Seas*, due to the hidden and/or camouflaged change in elevation. *See Kramer v. Royal Caribbean Cruises, Ltd., et. al*, Case No. 1:20-cv-22090. The *Enchantment of the Seas* is a sister ship of the *Grandeur of the Seas* in RCCL's *Vision*-class line of cruise ships, which is also owned and operated by RCCL, and shares an identical or a substantially similar configuration. This incident is substantially similar to Plaintiff's incident because both incidents involve falls down steps in the interior

portion of Deck 5 on sister ships, and were caused in whole, or part, due to an insufficiently marked change in elevation, which (1) lacked reasonably accessible handrails, (2) featured a step that was hidden and/or camouflaged by decorative flooring patterns, and (3) lacked sufficient lighting.[1]

17. RCCL also had notice of the dangerous conditions outlined in paragraph 14 above because RCCL discusses and documents hazards on its ships during shipboard meetings memorialized in meeting minutes. RCCL also inspects the Theater and Subject Step through crew members and retained experts and contractors who generate audits and reports.

18. RCCL also designed, selected, installed, and/or approved the Subject Step and knew or should have known that a change in elevation featuring a hidden and/or camouflaged edge which blends into the surrounding patterned carpeting, inadequate lighting and missing handrails presented a foreseeable hazard to passengers.

19. RCCL knows from experience in operating a cruise line that ships moving violently as a result of rough seas pose a risk for personal injury to its passengers. At all times material hereto, policies and/or procedures and/or industry standards have been implemented for managerial employees of the cruise lines' shoreside headquarters, the master of the vessel, and other managerial shipboard employees to meet before a cruise vessel calls at any specific port. One purpose of the meeting is to discuss hazardous and/or dangerous conditions that threaten the vessel and/or passengers in transit and/or at the port stop, including, but not limited to, inclement weather and rough sea conditions. Based on the implementation of the foregoing policies and/or procedures

---

[1] *See Taiarol v. MSC Crociere S.A.*, 677 Fed. Appx. 599 (11th Cir. 2017) (while Taiariol was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps).

and/or industry standards, RCCL knew or should have known that the vessel was going to be traveling through rough seas, wind and/or weather conditions before the subject incident.

20. In addition to the aforementioned policies, procedures and/or industry standards, the Vessel was actually equipped with the ability to obtain live weather data and was able to make real time adjustments to its speed, course, and adjust stabilizers so that the ride for its passengers is as smooth as possible. Accordingly, the Captain and navigational officers have the ability to alter the port of call depending on weather and safety of its passengers. The Vessel's Captain and crew had the ability to communicate with RCCL's base and operations center to receive instructions on how to navigate in inclement weather and rough sea conditions and alter course to avoid conditions that can pose hazardous and dangerous conditions to passengers.

21. RCCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C, Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") RCCL's walkways, including in the Theater, are escape routes that RCCL must maintain in a safe condition. Having a staircase which lacks handrails and features inadequate lighting violates these standards. Upon information and belief, RCCL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. *See, e.g*., IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR

§§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

**COUNT I – NEGLIGENT MAINTENANCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-one (21) as though alleged originally herein.

22. At all times material, RCCL had a duty to exercise reasonable care under the circumstances, including maintaining the Theater and Subject Step in a reasonably safe condition for passenger use.

23. On or about November 5, 2025, Defendant breached its duty to provide Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failing to maintain the Subject Step in a reasonably safe condition;

b. Failing to provide adequate lighting on the surface of the Subject Step;

c. Failing to provide handrails on the Subject Step;

d. Failing to use proper nosing on the Subject Step;

e. Failing to inspect and test the lighting arrangement for crowd safety;

f. Failing to maintain proper lighting so as to limit adverse visual effects on passengers attempting to traverse the Subject Step;

g. Failing to adequately and regularly inspect the Theater and Subject Step to determine whether it was unreasonably dangerous;

h. Failing to maintain the Subject Step in a condition to account for passengers attempting to traverse the area during rough weather and sea conditions;

i. Failing to comply with applicable industry standards in maintaining the Subject Step in a condition safe for passenger use; and/or

j. Additional conditions, acts, and/or omissions that may be revealed throughout the course of this litigation.

24. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

25. At all times material hereto, Defendant knew of the dangerous conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through the facts alleged in Paragraphs 16 through 21.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment against RCCL for damages recoverable under general maritime law and applicable state law, including economic damages (past and future); non-economic damages (past and future); court costs; interest under applicable law, including interest from the date of the subject incident under General Maritime Law; and such other relief as the Court deems just.

**COUNT II – NEGLIGENT FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-one (21) as though alleged originally herein.

27. RCCL owes a duty to exercise reasonable care under the circumstances for the safety of its passengers. It owes a duty to warn of dangers known to the carrier in places where passengers are invited to or may reasonably be expected to visit. RCCL's duty of care includes warning of dangerous conditions onboard the *Grandeur of the Seas*, including the rocking condition of the ship, and the Subject Step's inadequate nosing, lighting and missing handrails.

28. On or about November 5, 2025, Defendant breached its duty to provide Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failing to provide Plaintiff with verbal or visual warnings that the Subject Step did not contain handrails;

b. Failing to provide Plaintiff with verbal or visual warnings that the change in elevation of the Subject Step was hidden and/or camouflaged by similar decorative flooring patterns;

c. Failing to provide Plaintiff with verbal or visual warnings that the Subject Staircase's steps did not have adequate nosing;

d. Failing to place warning signs, markings, and/or cones near the Theater's entrance and/or near the Subject Step to inform Plaintiff of the camouflaged change in elevation, inadequate lighting and missing handrails;

e. Failing to timely and adequately warn passengers and the Plaintiff of the anticipated sea, wind and/or weather conditions;

f. Failing to timely and adequately warn passengers and the Plaintiff of the Vessel going through rough seas, wind and/or weather conditions; and/or

g. Failing to timely and adequately warn passengers and the Plaintiff of the risks and/or dangers associated with walking onboard the vessel when the vessel is traversing through rough seas, wind and/or weather.

29. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have been injured had Defendant adequately warned and/or communicated the foregoing to Plaintiff.

30. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through the facts alleged in Paragraphs 16 through 21.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment against RCCL for damages recoverable under general maritime law and applicable state law, including economic damages (past and future); non-economic damages (past and future); court costs; interest under applicable law, including interest from the date of the subject incident under General Maritime Law; and such other relief as the Court deems just.

**COUNT III – NEGLIGENT DESIGN, CONSTRUCTION, INSTALLATION, AND/OR APPROVAL**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through eighteen (18) and twenty-one (21) as though alleged originally herein.

32. This is an action against RCCL for its negligent design, construction, installation, and/or approval of the Subject Step in the subject area where Plaintiff's injuries occurred.

33. RCCL owes a duty to exercise reasonable care under the circumstances for the safety of its passengers. RCCL's duty to design, construct, and select materials for all areas and features of its vessels, including the Subject Step, is part of RCCL's duty of reasonable care under the circumstances. RCCL had a duty to design, construct, and select the Subject Step in a reasonably safe manner and in accordance with industry standards.

34. RCCL has all of its ships, including the *Grandeur of the Seas*, custom made to its own design and specifications. RCCL participated in and/or approved of the design of the Subject Step including the placement, construction, and configuration of the Subject Step and lighting. RCCL participated in and/or approved of the design, construction, and selection of the materials for the Subject Step and lighting in the area.

35. At all times RCCL had the ultimate control over the design, construction, and selection of materials of the *Grandeur of the Seas*. RCCL had the right to inspect both the designs on paper and the design and construction at the yard. RCCL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the Vessel including the Subject Step. RCCL approved of the design, construction, and selection of the Subject Step as demonstrated by the fact that RCCL has operated and maintained the ship at all times material.

36. The Theater is a place in which it was foreseeable that passengers would descend the Subject Step. RCCL knew or should have known that the Subject Step was inadequately designed

due to its hidden and/or camouflaged edge which blends into the surrounding patterned carpeting, inadequate lighting and missing handrails.

37. RCCL designed and/or approved the Theater's walking surface and the Subject Step's hidden and/or camouflaged edge which blends into the surrounding patterned carpeting, inadequate lighting and missing handrails that rendered the area unreasonably dangerous.

38. RCCL breached its duty of care owed to Plaintiff and was negligent by approving, designing, constructing, and/or selecting the Subject Step aboard the Vessel. RCCL failed to design, construct, select and/or approve the Subject Step in a manner that complied with industry standards. The Subject Step that RCCL approved, selected and/or used in the area was unreasonably dangerous and prone to causing fall hazards. RCCL could have or selected/designed the Subject Step in a manner that marked the edge to avoid blending into the surrounding patterned carpeting, with lighting conditions which illuminated the Subject Step, along with handrails to allow passengers to safely traverse the area, but chose not to.

39. RCCL also had actual notice and/or constructive notice of the dangerous, camouflaged and/or inadequately illuminated conditions of the Subject Step, as alleged in paragraphs 16 through 18, and 21, above and incorporated herein.

40. RCCL's negligent design, construction, approval, and/or selection of the Subject Step caused Plaintiff's injuries. Had RCCL properly designed, constructed, approved, and/or selected proper steps in the Theater, Plaintiff would not have tripped and fell and/or missed a step and fell aboard the Vessel, and been injured.

41. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom,

incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment against RCCL for damages recoverable under general maritime law and applicable state law, including economic damages (past and future); non-economic damages (past and future); court costs; interest under applicable law, including interest from the date of the subject incident under General Maritime Law; and such other relief as the Court deems just.

**COUNT IV – VICARIOUS LIABILITY AGAINST DEFENDANT FOR CAPTAIN'S NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fifteen (15) as though alleged originally herein.

42. This is an action against RCCL for its vicarious liability for the active negligence of its Captain assigned to navigate the Vessel at the time of the incident.

43. At all times material, RCCL's Captain assigned to navigate the Vessel at the time of the incident was specifically assigned the duty and responsibility to properly monitor the weather and sea conditions the vessel would encounter during the voyage, and mitigate and/or minimize dangers and hazards to passengers caused by excessive ship movement.

44. At all times material, the aforementioned Captain was acting in the course and scope of their employment with RCCL, and in furtherance of the business of the Grandeur of the Seas by operating and navigating the Vessel at the time and place of the subject incident.

45. RCCL is vicariously liable for the negligent acts and omissions of its crew members, employees, and/or agents committed within the course and scope of their employment and/or agency, under the doctrine of *respondeat superior*.

46. At all times material, RCCL's Captain who was navigating the Vessel at the time of the subject incident had a duty to act reasonably under the circumstances.

47. At the time of her incident, Plaintiff traversed the Theater area onboard the Vessel, which was an area that Plaintiff was invited to by RCCL and reasonably expected to visit.

48. On or about November 5, 2025, the Captain who was navigating the Vessel at the time of the subject incident breached their duty to provide Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failing to ascertain the reasonably anticipated sea, wind and/or weather conditions in the subject area before navigating the Vessel into rough conditions;

b. Failing to adequately navigate the Vessel so as to avoid rough seas, wind and/or weather conditions;

c. Failing to utilize protective equipment so as to adequately stabilize the Vessel in rough seas, wind and/or weather conditions;

d. Failing to timely and adequately warn passengers and Plaintiff of the anticipated sea, wind and/or weather conditions;

e. Failing to timely and adequately warn passengers and Plaintiff that the Vessel would navigate through anticipated rough seas, wind and/or weather conditions; and/or

f. Failing to timely and adequately warn passengers, including Plaintiff, of the risks and/or dangers associated with walking onboard the Vessel while the Vessel was traversing through rough seas, wind and/or weather conditions.

49. The above acts and/or omissions, for which RCCL is vicariously liable, caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions, and RCCL is therefore vicariously liable for the resulting harm.

50. As a direct and proximate result of the negligence of RCCL's Captain, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment against RCCL for damages recoverable under general maritime law and applicable state law, including economic damages (past and future); non-economic damages (past and future); court costs; interest under applicable law, including interest from the date of the subject incident under General Maritime Law; and such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 30 and/or the Savings to Suitors clause, Plaintiff hereby requests a jury trial on all claims asserted herein.

Dated: September 28, 2026

Respectfully submitted,

By: /s/ *Brandon P. Volk*
Brandon P. Volk, Esq.
FBN: 1019012
brandon.volk@forthepeople.com
olivia.langston@forthepeople.com
Morgan & Morgan, P.A.
703 Waterford Way #1000,
Miami, FL 33126
Phone: (786) 582-3244
*Counsel for the Plaintiff*